**James MANCINI,**

v.

**UTICA MUTUAL INSURANCE CO.**

**No. 94–16–Appeal.**

Supreme Court of Rhode Island.

Feb. 2, 1995.

Carolyn Ann Mannis, Adler, Pollock & Sheehan, and Joyce A. Faraone, Providence, for plaintiff.

John F. Kelleher and Rajaram Suryanaryan, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

**PER CURIAM.**

This matter came before a hearing panel of this court for oral argument on January 17, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. James Mancini (plaintiff) appeals from a Superior Court order granting the motion of Utica Mutual Insurance Company (defendant) for summary judgment. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

On February 7, 1991, plaintiff filed a complaint for declaratory judgment in the Superior Court. The plaintiff was operating a motor vehicle owned by Wheels, Inc. when his vehicle was struck by a vehicle operated by an unknown operator. The defendant had issued an automobile liability insurance policy to plaintiff's employer under which plaintiff sought to stack the uninsured motorist coverage. The defendant denied that stacking was applicable. The plaintiff sought a declaratory judgment in the Superior Court that he was entitled to recover from multiple uninsured motorist coverage policies provided by defendant and that defendant was not entitled to set off against the uninsured motorist coverage for the amount of money plaintiff received in workers' compensation benefits.

Both parties filed a motion for summary judgment in the Superior Court. The hearing justice denied plaintiff's motion regarding stacking, reasoning that if stacking were permitted plaintiff could conceivably recover up to $108,000,000 since defendant insured 4,000 vehicles for plaintiff's employer at the rate of $25,000 per vehicle.

On appeal plaintiff asserts that the hearing justice erred in prohibiting him from stacking uninsured motorist policies. The relevant language contained in the applicable policy provides that "[r]egardless of the number of covered autos, insureds, claims made, or vehicles involved in the accident, the most we will pay for all damages resulting from any one accident is the limit of UNINSURED MOTORIST INSURANCE shown in the declarations."

We addressed the issue of stacking in *Taft v. Cerwonka*, 433 A.2d 215 (R.I.1981), holding that the insured was allowed to recover, under the uninsured motorist provision of a policy, sums up to the aggregate sum of the vehicles insured, and permitted the stacking of two uninsured motorist provisions for two insured vehicles. In doing so we focused on the language of the insurance policy as an indication of the expectation of the parties as to stacking. In *Taft*, we specifically limited our holding to its facts. More recently, we rejected an argument similar to that being pursued by plaintiff in *Finch v. Centennial Insurance Co.*, 650 A.2d 495 (R.I.1994) (a plaintiff who is insured only when occupying an insured vehicle of his employer cannot claim any right to stacking).

Based on our restrictive holding in *Taft* and our recent holding in *Finch*, as well as the clear anti-stacking language contained in the policy, we are of the opinion that the hearing justice properly denied plaintiff's request to stack.

The plaintiff next asserts that defendant should not be permitted to deduct workers' compensation benefits paid to plaintiff from the amount due under the policy's uninsured motorist provision.

Our review of the record reveals that both the plaintiff and the defendant agreed at the hearing that "to the extent that [the plaintiff's] workers' compensation benefits fall $25,000 or more short of making plaintiff whole, [he] is entitled to $25,000." Based on the foregoing it is this court's opinion that this issue is not properly before us.

Finally, the defendant contends that the plaintiff's appeal is barred by the doctrine of res judicata. We decline to address this argument since defendant did not adequately present it to the hearing justice. *State v. Burke*, 529 A.2d 621 (R.I.1987).

The plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed. The papers of the case are remanded to the Superior Court.

SHEA, J., did not participate.